IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DAVID BREWER,<br><br>　Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation,<br><br>　Defendant. | CV 14-65-GF-BMM-JTJ<br><br>**ORDER** |

## I. INTRODUCTION

Defendant Burlington Northern Santa Fe Railway Company (BNSF) has a filed a "Motion for Protective Order that the Deposition of Carl Ice Not Be Had." (Doc. 37.) The motion is fully briefed (Docs. 38, 44, 46), and the Court held oral argument where the parties were heard (Doc. 53). The Court, after full consideration of the parties' briefs and oral arguments, enters the following Order.

## II. BACKGROUND

Mr. Brewer alleges he was wrongfully terminated on December 17, 2012, from his employment with BNSF in retaliation for engaging in activities protected under the whistleblower provisions of the Federal Rail Safety Act. (Doc. 1.) Mr. Brewer

1

seeks to depose Carl Ice (Mr. Ice), the President and Chief Executive Officer of BNSF, on the grounds that Mr. Ice was present at a town hall meeting in Havre, Montana, on June 7, 2012, when Mr. Brewer directed a statement to Mr. Ice that BNSF was calling its employees out to work when they were overly tired, thereby creating a safety hazard. Mr. Brewer has testified that Mr. Ice "didn't have a very good look on his face" after Mr. Brewer's comments and that "[h]e didn't appear to be happy with [the] comments." (Doc. 44-1 at 4.) Mr. Brewer has further testified that after the town hall meeting several BNSF officials who were traveling with Mr. Ice approached Mr. Brewer and asked him for his name. Mr. Brewer also seeks to depose Mr. Ice because he formed what is known the PEPA Board. The PEPA Board reviews employee discipline, including terminations, to ensure that BNSF's policies and rules are administered fairly and consistently across the Company.

BNSF seeks an order of protection preventing this deposition. BNSF argues: this is an attempt to harass, annoy, oppress, and burden BNSF and Mr. Ice, its senior most official; Mr. Ice has no unique or superior knowledge; and Mr. Brewer has not demonstrated that he has exhausted all other less intrusive means of discovery. In support of its motion, BNSF attached Mr. Ice's affidavit to its brief in support of its motion. In this affidavit, Mr. Ice states: (1) he does recall being at the Havre, Montana town hall meeting, but he has no recollection of Mr. Brewer or any

statements or concerns he raised; (2) he has not been on the PEPA Board since the fall of 2010; and (3) he played no part in any decision to notice Mr. Brewer for an investigation, any on-property investigation of Mr. Brewer, or any decision to dismiss Mr. Brewer.

## III.　STANDARDS

Under Rule 26(c)(1) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding a deposition, or limiting its scope. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order bears the burden of showing good cause for the order by "demonstrating harm or prejudice that will result from the discovery." *Id.* "When a party seeks the deposition of a high-level executive (a so-called 'apex' deposition), courts have observed that such discovery creates a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Electronics Co. Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal citation and quotation marks omitted). The Court therefore has discretion to limit discovery where the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

"In determining whether to allow an apex deposition, courts consider (1)

whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Apple*, 282 F.R.D. at 263 (internal citation omitted). "[A] party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." *Id.* "[I]t is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances." *Id.* (internal quotation marks omitted). "When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." *Id.* "A claimed lack of knowledge, by itself, is insufficient to preclude a deposition." *Id.*

## IV. DISCUSSION

### A. PEPA Board and Mr. Ice's Promises

Mr. Brewer seeks to depose Mr. Ice regarding the PEPA Board he established and promises he allegedly made to BNSF employees to apply its rules and policies fairly to them. Mr. Brewer does not contend that Mr. Ice participated in any way in the PEPA Board's review of his termination.

The liability issue in this case is whether Mr. Brewer's engagement in protected activity was a contributing factor in BNSF's decision to terminate his employment. Mr. Ice did not participate in the PEPA Board's review of Mr. Brewer's termination. Furthermore, whether Mr. Ice made a general promise at some time about the fair

4

application of rules and policies is irrelevant to the case. Rather, it appears to the Court that questioning Mr. Ice about the PEPA Board and promises he made is directed at harassing and annoying Mr. Ice rather than reasonably being related to lead to the discovery of admissible evidence. Therefore, the deposition of Mr. Ice in relation to these topics is not proper and will not be allowed.

      **B.**      **Havre town hall meeting**

The parties agree that Mr. Ice was present at the town hall meeting and that Mr. Brewer made a comment at this meeting. Mr. Brewer contends that the comment he directed to Mr. Ice at the Havre, Montana town hall meeting contributed to BNSF's decision to terminate his employment. BNSF denies that Mr. Brewer's comments contributed to its decision to terminate his employment.

Mr. Ice was present at the meeting. He was therefore in a position to hear Mr. Brewer's comments, and they may have caused him to have a reaction and/or take action in response to the comments. Mr. Ice would know what reaction, if any, he had to Mr. Brewer's comments. Mr. Ice therefore has unique first-hand, non-repetitive knowledge of the facts relevant to Mr. Brewer's claims. According to his affidavit, Mr. Ice has no recollection of Mr. Brewer's comments. However, it is not uncommon for witnesses to have their recollections refreshed during questioning at a deposition. Furthermore, claimed lack of knowledge alone is not a sufficient reason to preclude

a deposition.

Furthermore, Mr. Brewer has deposed other BNSF employees who were present at the town hall meeting and who have no recollection of the comments he made. As such, Mr. Brewer has made several attempts at using less intrusive discovery methods.

Therefore, **IT IS HEREBY ORDERED** that Defendant BNSF's Motion for Protective Order that the Deposition of Carl Ice not be had (Doc. 37) is **GRANTED IN PART** and **DENIED IN PART**. Mr. Brewer cannot depose Mr. Ice about the PEPA Board or about his promises regarding fair application of rules and policies. However, Mr. Brewer may depose Mr. Ice with the following limitations:

1. Mr. Brewer may question Mr. Ice about what Mr. Ice remembers from the Havre, Montana town hall meeting.

2. Mr. Brewer may question Mr. Ice about what he remembers about any comments made by Mr. Brewer or anyone else at the Havre town hall meeting regarding fatigued workers.

3. Mr. Brewer may question Mr. Ice about what his reaction was to any comments about fatigued workers made by Mr. Brewer or anyone else at the Havre town hall meeting.

4. Mr. Brewer may question Mr. Ice about what actions he took in response to comments made about fatigued workers at the Havre town hall

meeting.

5. Mr. Brewer may only question Mr. Ice about the topics set forth in 1-4.

6. The deposition of Mr. Ice cannot last more than 30 minutes.

7. Mr. Brewer must take Mr. Ice's deposition at a place convenient for Mr. Ice in the city where his primary office is located.

8. Mr. Brewer must take Mr. Ice's deposition on or before November 6, 2015.

DATED the 16th day of October, 2015.

          /s/ John Johnston
          John Johnston
          United States Magistrate Judge