# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

|  |  |
|---|---|
| DAVID BREWER<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a<br>Delaware Corporation,<br><br>Defendant. | CV-14-65-GF-BMM-JTJ<br><br><br><br>**ORDER** |

Plaintiff David Brewer filed an Amended and Renewed Motion to Permit Discovery and Compel Production of Noncustodial Electronically Stored Information on November 11, 2017. (Doc. 247). United States Magistrate Judge John T. Johnston issued Findings and Recommendations in this matter on January 11, 2018. (Doc. 260.) Judge Johnston recommended that the Court deny Brewer's request. *Id.* at 17.

The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). Portions of findings and recommendations to which no party specifically objects are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309,

1

1313 (9th Cir. 1981). Where a party's objections constitute perfunctory responses argued in an attempt to engage the district court in a relitigation of the same arguments set forth in the original response, however, the Court will review for clear error the applicable portions of the findings and recommendations. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

Brewer timely filed an objection. (Doc. 264.) The document "reiterates" claims contained in Plaintiff's Brief in Support of Amended and Renewed Motion (Doc. 248) and Plaintiff's Reply in Support of Amended and Renewed Motion to Permit Discovery and Compel Production of Noncustodial Electronically Stored Information (Doc. 259). Judge Johnston considered these arguments in making his recommendation to the Court. Thus, the Court finds no specific objections that do not attempt to relitigate the same arguments, and will review the Findings and Recommendations for clear error.

## LEGAL STANDARD

Courts have broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Litigants in a civil action are entitled to discovery, generally, "regarding any non-privileged matter that remains relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining "relevancy" and "proportionality," a court should

consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

## DISCUSSION

### A. Management Compensation, Policies, and Metrics

Brewer seeks BNSF Railway Company's ("BNSF") records, data, statistics, and metrics regarding BNSF's records of compensation and its metrics for determining compensation for managerial employees. (Doc. 260 at 6.) Judge Johnston found that Brewer dedicated the majority of his argument to the relatively light burden BNSF would have in producing the records and reports. This factor alone does not determine whether the request remains proportional. Brewer's objection reiterates much of the same argument that Judge Johnston considered in issuing his findings and recommendations, but asks the Court to come to a different conclusion. (Doc. 264 at 11.)

Brewer argues that the fact that he "has now learned in addition to the Incentive Compensation Program, the railroad had additional management goals and rankings" does not render those requests overly broad or disproportionate. *Id.* Brewer argues, instead, that the information has been narrowly tailored to the

3

goals, ratings, and metrics of the people "directly involved in the railroad's termination of Brewer for the time period surrounding that termination." *Id.* The Court disagrees. Judge Johnston correctly determined that Brewer's motion, beyond what BNSF has already produced, exceeds the boundaries of this case.

> **B.** BNSF's Capability to Search For, Preserve, and Produce Relevant Electronically Stored Information ("ESI")

Brewer requests a description of BNSF's capabilities and, use of those capabilities, to search for, preserve, and produce information. *Id.* at 9. "A party should not be required to provide discovery about its e-discovery without good cause." *The Sedona Conference Commentary on Defense of Process: Principles and Guidelines for Developing and Implementing a Sound E-Discovery Process*, 42 (Sept. 2016) ("Sedona Conference"). Judge Johnston previously allowed Brewer to conduct a Deposition by Written Questions in order to address BNSF's search capabilities and preservation of ESI. (Doc. 260 at 10.) A party seeking discovery on discovery ("meta discovery") must show a specific deficiency in the other party's production. *Sedona Conference* at 118.

Brewer argues, in his objection, that discovery on the existence, description, nature, custody, condition and location of any document remains firmly entrenched in Rule 26(b)(1) despite its removal of text from the rule. (Doc. 264 at 12.) Brewer further argues that the Sedona Conference does not provide a basis for denial of the

4

requested information. *Id.* at 13. The Court disagrees. Judge Johnston determined that "responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for reserving and producing their own electronically stored information." *Sedona Conference* at 118. In order for the non-responding party to overcome this presumption, the non-responding party must show a specific deficiency in the responding party's production. *Id.* Judge Johnston correctly determined that Brewer has not shown a specific deficiency in BNSF's production. (Doc. 260 at 12.) The Court agrees that Brewer's request remains disproportionate to the needs of the case.

**C.** Files and Databases on BNSF's Labor Relations and Human Resources

Brewer requests files and databases related to BNSF's Labor Relations and/or Human Resources. In particular, Brewer seeks files and databases concerning disciplinary action against Brewer or other similarly situated employees. *Id.* at 12. Brewer states that he has "learned through research" that BNSF has so called "whistleblower training manuals." He requests files and databases related to "other similarly situated employees considered for being charged with a rules violation." *Id.*

BNSF responds that it has produced "thousands of other entries for employees" who violated the same rules as Brewer in its records from Labor Relations. *Id.* at 13. BNSF further argues that Brewer impermissibly expanded this

5

topic to include "Human Resources." *Id.* Judge Johnston determined that Brewer seeks information regarding other BNSF employees who may be charged with a rule violation, not necessarily the specific, relevant violation that BNSF claims that Brewer committed. *Id.* at 14. Judge Johnston correctly determined that Brewer's request seeks overly broad and irrelevant information.

      **D.** Velocity and "Best Way" Metrics

Brewer's lastly requests BNSF's "Velocity" data and other "Best Way" Metrics. *Id.* Specifically, Brewer argues that BNSF has "at its disposal databases and files with information, data, statistics, rankings, and or goals on a variety of different metrics . . . and other statistical measurements which affect BNSF management or official compensation." *Id.* at 15. The Court denied as overly broad a similar request by Brewer on November 20, 2015. Judge Johnston determined that Brewer's current request should be denied as overly broad and not proportional to the needs of the case. *Id.* at 16. The Court agrees.

## CONCLUSION

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

## ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 260) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Brewer's Amended and Renewed Motion to Permit Discovery and Compel Production of Noncustodial Electronically Stored Information (Doc. 247) is **DENIED**.

DATED this 14th day of February, 2018.

Brian Morris
United States District Court Judge

7