# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| DAVID BREWER<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a Delaware Corporation,<br><br>Defendant. | CV-14-65-GF-BMM-JTJ<br><br><br><br>**ORDER** |

Plaintiff David Brewer filed a Motion for Discovery Sanctions pursuant to Federal Rule of Civil Procedure 37 on January 12, 2018. (Doc. 261.) United States Magistrate Judge John T. Johnston issued Findings and Recommendations in this matter on February 27, 2018. (Doc. 285.) Judge Johnston recommended that the Court deny Brewer's request. *Id.* at 15.

When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(e) governs when a court may sanction a party who fails to preserve electronically stored information ("ESI"). A party may destroy evidence in the ordinary course of business based on its document retention policies, but a party may not destroy documents if the party has "notice" of potential litigation. *United States v. Kitsap Physicians Serv.*, 314 P.3d 995, 1001 (9th Cir. 2002). Three types of sanctions exist for the spoliation of evidence: (1) judgment against the party who remains responsible for the spoliation; (2) the exclusion of evidence or witness testimony corresponding to the evidence destroyed; or (3) an adverse jury instruction. *Kopitar v. Nationwide Mut. Ins. Co.*, 266 F.R.D. 493, 499-500 (E.D. Cal. 2010).

A sanction of default judgment requires a court to find "willfulness, fault, or bad faith" by the party that destroyed the evidence. *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The Ninth Circuit has determined that a court must consider the following factors before issuing a dispositive sanction: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id.*

## DISCUSSION

Brewer contends that BNSF had a duty to preserve relevant ESI and failed to do so. BNSF failed to "migrate" its emails from one server to another, and did not retain specific devices from current and former employees, which may have had non-duplicative ESI saved on the device itself. Brewer argues that BNSF had its own process of designating computers subject to re-formatting and preserving them, but failed to follow that process in this matter. Brewer further argues that this failure prevents him from proving his claims or disputing BNSF's asserted defenses.

**A. Notice**

Rule 37(e) requires a court to inquire whether the ESI should have been preserved in anticipation of litigation and whether the ESI can be restored or replaced through additional discovery. Brewer argues that BNSF received notice of litigation when he filed his complaint with OSHA on February 19, 2013. Brewer officially filed his Complaint against BNSF on September 10, 2014. BNSF does not dispute Brewer's contentions. Judge Johnston determined, and this Court agrees, that Brewer fulfilled the notice element of a Rule 37(e) motion. (Doc. 285 at 6.) BNSF needed to preserve relevant ESI in anticipation of litigation as of February 2013.

### B. Prejudice

A court must next inquire into whether the party seeking sanctions can show that it suffered prejudice from the loss of information. Fed. R. Civ. P. 37(e)(1). Upon a finding of prejudice, a court "may order measures no greater than necessary to cure the prejudice." *Id.* Judge Johnston determined that the alleged spoliation in this case does not warrant a default sanction. (Doc. 285 at 8.) The Court agrees. Brewer fails to specify what information he believes has been wrongfully withheld or not preserved. *Id.* Judge Johnston determined that without specificity of relevant documents that are missing or being withheld, the Court cannot determine actual prejudice. *Id.* at 9.

Brewer points to the deposition of BNSF's trainmaster, Connan Moler, as a specific example of BNSF's failure to preserve ESI. Judge Johnston determined, and the Court agrees, that Brewer has not shown how the ESI he presumes to be missing will prevent him from going to trial or threaten to interfere with the rightful outcome of the case. *Id.* Judge Johnston further determined that any claims of prejudice related to Moler are ineffective because the Court previously ruled that Moler's devices are beyond the scope of discovery. *Id.* at 10. Brewer has not shown that he suffered prejudice so great as to amount to a default sanction.

### C. Intent

Rule 37(e)(2) allows for a court to grant a more drastic sanction "only upon a finding that the party acted with the intent to deprive another party" of the ESI's use. Brewer argues that BNSF's failure to preserve its ESI was done with the intent to deprive him of that information. Judge Johnston determined that the language of the rule says that depriving another party of ESI must be intentional. (Doc. 285 at 12.) This requires more than gross negligence. The Court agrees that Brewer has failed to show the requisite intent by BNSF for which a default sanction would be appropriate.

### D. Lesser Sanctions

When determining the appropriate sanction for spoliation of evidence, a court should impose "the least onerous effective sanction." *In re Napster, Inc. Copy. Litig.*, 462 F.Supp.2d 1060, 1074 (N.D. Cal. 2006). The parties do not address lesser sanctions in their briefing. Judge Johnston recommend that this Court not impose sanctions at this time, but reserve its ruling to a lesser sanction until trial. (Doc. 285 at 14.) The Court agrees. The Court will reserve the right to impose a lesser sanction after evaluating how the parties present the evidence at trial.

## CONCLUSION

The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

## ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 285) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Brewer's Motion for Discovery Sanctions (Doc. 261) is **DENIED**.

DATED this 2nd day of May, 2018.

Brian Morris
United States District Court Judge